IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

WENDY N. JENKINS, ELEANOR )
SPRATLIN CRAWFORD, *each Plaintiff* )
*individually, and on behalf of all Georgia* )
*residents similarly situated.* )
         )     CASE NO. 10-CV-3732-CAP-AJB
Plaintiffs, )
         )
         )
         )
   vs.      )
         )     PLAINTIFFS DEMAND TRIAL
         )     BY JURY
McCALLA RAYMER, LLC, THOMAS A. )
SEARS, ESQ., INDIVIDUALLY, AS AN )
OFFICER OF MORTGAGE ELECTRONIC)
REGISTRATION SYSTEMS, INC, AS AN )
OFFICER OF WELLS FARGO, AND AS )
AN EMPLOYEE OF McCALLA RAYMER)
CHARLES TROY CROUSE, ESQ., aka C. )
TROY CROUSE ESQ., INDIVIDUALLY, )
AS AN OFFICER OF MORTGAGE )
ELECTRONIC REGISTRATION )
SYSTEMS, INC, AS AN OFFICER OF )
WELLS FARGO AND AS AN EMPLOYEE)
OF McCALLA RAYMER, MERSCORP )
INC., BANK OF AMERICA, N.A., BAC )
HOME LOANS SERVICING, LP., fka )
COUNTRYWIDE HOME LOANS )
SERVICING, LP.,WELLS FARGO BANK, )
 N.A., PROMMIS SOLUTIONS, LLC., )
PROMMIS SOLUTIONS HOLDING INC., )
GREAT HILL PARTNERS, INC., )
 MORTGAGE ELECTRONIC )
REGISTRATION SYSYTEMS INC. )
AMERICA'S SERVICING COMPANY, )
TAYLOR BEAN &WHITAKER, )
CRYSTAL WILDER, INDIVIDUALLY, )
 AS NOTARY PUBLIC AND AS AN )
 EMPLOYEE OF McCALLA RAYMER, )
 ELIZABETH LOFARO, INDIVIDUALLY,)
AS NOTARY PUBLIC AND AS AN )
 EMPLOYEE OF McCALLA RAYMER, )

CHIQUITA RAGLIN, INDIVIDUALLY,   )
AS NOTARY PUBLIC AND AS AN        )
EMPLOYEE OF McCALLA RAYMER,       )
VICTORIA MARIE ALLEN,             )
INDIVIDUALLY, AS NOTARY PUBLIC    )
AND AS AN EMPLOYEE OF McCALLA     )
RAYMER, IRIS GISELLA BEY,         )
INDIVIDUALLY, AS NOTARY PUBLIC    )
AND AS AN EMPLOYEE OF McCALLA     )
RAYMER, JAMELA REYNOLDS,          )
INDIVIDUALLY, AS NOTARY PUBLIC    )
AND AS AN EMPLOYEE OF McCALLA     )
RAYMER AND LATASHA DANIEL,        )
INDIVIDUALLY, AS NOTARY PUBLIC    )
AND AS AN EMPLOYEE OF McCALLA     )
RAYMER                            )
                                  )
Defendants.                       )

## PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW, Plaintiffs by and through their undersigned counsel and files

this their First Amended Complaint pursuant to FRCP 15(a)(1).

## INTRODUCTION

1.     Plaintiffs are Wendy N. Jenkins and Eleanor Spratlin Crawford.

2.     Defendants are McCalla Raymer LLC., Thomas A. Sears, Esq.,

Charles Troy Crouse, Esq., aka C. Troy Crouse Esq., Bank of America,

N.A., BAC Home Loans Servicing, LP., fka Countrywide Home Loans

Servicing, LP.,Wells Fargo Bank N.A., Prommis Solutions LLC., Prommis

Solutions Holding Inc., Great Hill Partners, Inc.,  Mortgage  Electronic

Registration Systems Inc., America's Servicing Company, Taylor Bean

&Whitaker, Crystal Wilder, Elizabeth Lofaro, Chiquita Raglin, Victoria Marie Allen, Iris Gisella Bey, Jamela Reynolds and Latasha Daniels.

3.      Plaintiff sued Defendants for *inter alia* Wrongful Foreclosure, Wire Fraud, RESPA Violations, Violation of the Fair Debt Collection Practices Act, Civil Conspiracy and Fraud (MERSCORP and Mortgage Electronic Registration Systems, Inc.), Illegal Fee Splitting and Unauthorized Practice of Law, Great Hill Partners, Inc. and Prommis Solutions, Inc., RICO Violations, Damages and Punitive Damages.

4.      No Defendant has filed an answer.

5.      Plaintiffs  amend their complaint as follows:  Amend Defendants "LATASHA DANIEL" to "LATASHA DANIELS"

6.      Plaintiffs  amend their complaint as follows:  Amend Defendants "JAMELA REYNOLDS" to "JAMELIA REYNOLDS"

7.      Plaintiffs  amend their complaint as follows:  Amend Defendants by Adding "DEBBIE R. FOUSHEE, INDIVIDUALLY, AS NOTARY PUBLIC AND AS AN EMPLOYEE OF McCALLA RAYMER,"

8.      Plaintiffs  amend their complaint as follows:  Amend Defendants by Adding "RAQUEL ROSE, INDIVIDUALLY, AS NOTARY PUBLIC AND AS AN EMPLOYEE OF McCALLA RAYMER,"

9.       Plaintiffs  amend their complaint as follows:  Amend Defendants by

Adding "DONTE COLEMAN, INDIVIDUALLY, AS NOTARY PUBLIC

AND AS AN EMPLOYEE OF McCALLA RAYMER,"

10.      Plaintiffs  amend their complaint as follows:  Amend Defendants by

Adding "KORINNA MILLER, INDIVIDUALLY, AS NOTARY PUBLIC

AND AS AN EMPLOYEE OF McCALLA RAYMER,"

11.      Plaintiffs  amend their complaint as follows:

Amend Defendants by adding "Does 1-100"

12.      Plaintiffs  amend their complaint as follows:

Amend section titled "PARTIES" by adding the following paragraph:

"Despite of their lack of standing, Defendants BAC and Bank of

America, through their agents and attorneys, Defendants McCalla

Raymer, unlawfully attempted to foreclose upon Plaintiff Jenkins

by scheduling a Sale Under Power on the Muscogee County

courthouse steps for May 5, 2010."

13.      Plaintiffs amend their complaint as follows:

Amend "PARTIES" by adding the following paragraph:

"At some time within the 5 weeks prior to the illegally scheduled

Sale Under Power, Defendant McCalla Raymer improperly

caused a "Notice of Sale Under Power" to be published in the

Columbus Ledger Enquirer, which is the legal organ for
Muscogee County, in furtherance of their scheme to illegally and
wrongfully foreclose upon Plaintiff Jenkins' home."

14.      Plaintiffs amend their complaint as follows:

Amend the section entitled "PARTIES" by re-numbering the entire section
from 11 to 78.

15.      Plaintiffs amend their complaint as follows:

Strike ¶ 99 in its entirety and replace it with:

"Defendants ASC, Wells Fargo and/or Does 1-100 have
repeatedly attempted to imposed improper fees in an effort to
manufacture a default in order to fraudulently foreclose on
Plaintiff Crawford's home. Defendants have **adamantly refused
to identify the secured creditor and the Real Party in interest,**
which would allow Plaintiff to tender and make payments on her
home.  Furthermore, they have misled the Plaintiff as to obtaining
the information as to obtaining the information for payoff."

16.      Plaintiffs amend their complaint as follows:

Strike ¶ 100 in its entirety and replace it with:

"Defendants maintain that Plaintiff Crawford's request for proof
that Wells Fargo has an actual pecuniary interest in the debt

instrument is a ruse to evade payment of the mortgage note.
Nothing could be further from the truth.  Plaintiff has attempted,
in good faith, to make her payments, and in fact has tendered
monies that have disappeared into Cobb County, Georgia court
registry.  It is unknown if these monies, totaling $17,485.84 have
been credited to her mortgage, by Wells Fargo, Prommis
Solutions or McCalla Raymer. The court has disbursed Plaintiff
Crawford's monies that were being held in the court's registry."

17.     Plaintiffs  amend their complaint as follows:

Strike ¶ 101 in its entirety and replace it with:

"At some time unknown to Plaintiff Crawford, the Note and
security deed were bifurcated where the deed alone was separated
from the note and was assigned, for servicing purposes, to
Defendants "Wells Fargo", and/or Does. It is unknown who
presently owns and holds the actual "wet ink" original promissory
Note. Based upon knowledge and belief, the promissory note has
been pledged, hypothecated, and/or assigned as collateral security
to an unknown entity, foreign trust, or to an agency of the United
States government or the Federal Reserve."

18.     Plaintiffs  amend their complaint as follows:

Strike ¶ 102 in its entirety and replace it with:

"By letter dated June 1, 2010, counsel for Wells Fargo (McCalla Raymer) affirmatively represented that its "client" was, in fact, Defendant Wells Fargo and that Wells Fargo, was both the servicer and the "secured creditor" for the aforementioned alleged indebtedness regarding the property. Said correspondence, however fails to identify Wells Fargo as the owner and holder of the Note, and fails to affirmatively represent that Wells Fargo owns and holds any interest in the Security Deed or has any rights therein or thereto which would support a foreclosure of the Property."

19.     Plaintiffs  amend their complaint as follows:

Strike ¶ 103 in its entirety and replace it with:

"Notwithstanding the letter of March 26, 2010 to Plaintiff Crawford from McCalla Raymer, said Defendant confirmed, in its  letter, that Wells Fargo is merely the servicer of the loan and that the alleged note holder, was possibly "Wells Fargo" and not the originating lender."

20.     Plaintiffs  amend their complaint as follows:

Strike ¶ 104 in its entirety and replace it with:

"McCalla Raymer, which provided Plaintiff with written notice
that their "client" for purposes of the loan and foreclosure sale
was Wells Fargo is the same Law Firm which also fraudulently
and affirmatively represented that the entity that had full authority
to negotiate, amend, and modify all terms of the mortgage
instrument for purposes of the subject loan and foreclosure sale
was "Bank of America", who is also a 'client'."

21.     Plaintiffs  amend their complaint as follows:

Strike ¶ 105 in its entirety and replace it with:

"Upon knowledge and belief the Note and Security Deed are or
were part of a securitized mortgage transaction where the Security
Deed and Note were, at some point after original execution by the
Plaintiff, severed and sold, assigned, pledged, hypothecated or
transferred to separate entities, with certain rights being sold
separately."

22.     Plaintiffs  amend their complaint as follows:

Strike ¶ 106 in its entirety and replace it with:

"The admissions of record demonstrate that Defendant "BAC"
has no legal or equitable interests in both the Note and Security
Deed which are a legal prerequisite to institute and maintain a

foreclosure, and that such interests may in fact lie with one or more of Defendants DOE(S)."

23.     Plaintiffs  amend their complaint as follows:

Strike ¶ 107 in its entirety and replace it with:

"As a severance of the ownership and possession of the original Note and Security Deed has occurred and as the true owner and holder of both the original Note and Security Deed are unknown and as a result of multiple and/or missing assignments and an incomplete and improper chain of title via written admissions set forth above, <u>all</u> defendants named above are legally precluded from foreclosing and/or selling the subject property."

24.     Plaintiffs  amend their complaint as follows:

Strike ¶ 108 in its entirety and replace it with:

"Defendant McCalla Raymer's foreclosure sale notice letter is not in accordance with notice provisions involving foreclosure proceedings as required under Georgia law. Specifically, O.C.G.A. § 44-14-162.2 requires, in pertinent part, that *"notice ... shall include the name, address, and telephone number of the individual or entity who shall have the full authority to negotiate, amend, and modify all terms of the mortgage with the debtor".* Upon knowledge and belief,

<u>ONLY</u> a vested investor, in a securitized trust, who is the real party in interest, may authorize amendments and/or modification of the Plaintiff's note and security deed."

25.      Plaintiffs  amend their complaint as follows:

Strike ¶ 109 in its entirety and replace it with:

"Furthermore, O.C.G.A. §  7-6A-2 (6) prescribes that *"A creditor shall not include: (A) a servicer; (B) an assignee; (C) a purchaser; or (D) any state or local housing finance agency or any other state or local governmental or quasi-governmental entity."*

26.      Plaintiffs  amend their complaint as follows:

Strike ¶ 110 in its entirety and replace it with:

"The letter of counsel for BAC dated June 1, 2010 (Exhibit "B") fails to comply with the notice provisions of O.C.G.A. § 44-14-162 (b) *"The security instrument or assignment thereof vesting the secured creditor with title to the security instrument shall be filed prior to the time of sale in the office of the clerk of the superior court of the county in which the real property is located."* as said letter does not indicate who  the secured creditor is; nor does identify the secured creditor who has title to the security instrument but instead relies upon the purported assignment recorded in Deed Book 14703, Page 2679 in the Office of the Clerk of Cobb County, Georgia."

27.     Plaintiffs  amend their complaint as follows:

Strike ¶ 111 in its entirety and replace it with:

"As such, Defendant Wells Fargo is without standing and is legally precluded from foreclosing on and selling the Property."

28.     Plaintiffs  amend their complaint as follows:

Strike ¶ 112 in its entirety and replace it with:

"Defendants McCalla Raymer and Prommis Solutions make much ado of having "complied" with the non-judicial foreclosure process in Georgia, all the while completely ignoring the fact that their client did not then, and does not now, have any standing to foreclose by virtue of having no legally cognizable claim to the subject property."

29.     Plaintiffs  amend their complaint as follows:

Strike ¶ 113 in its entirety and replace it with:

"Defendant Wells Fargo argues that it is entitled to foreclose by virtue of being a servicer, however, the Georgia Legislature has specifically defined in O.C.G.A. § 7-6A-2 (6) that *"A creditor shall not include: (A) a servicer; (B) an assignee; (C) a purchaser; or (D) any state or local housing finance agency or any other state or local governmental or quasi-governmental*

*entity."* Therefore, Wells Fargo, acting as a mere servicer and not being the secured creditor cannot foreclose even, *assuming arguendo,* that the Assignment was valid."

30.     Plaintiffs  amend their complaint as follows:

Strike ¶ 114 in its entirety and replace it with:

"It is abundantly clear that the Legislature, in specifying that the "secured creditor" be upon the record prior to the sale (*see O.C.G.A. § 44-14-162(b)*) meant for the creditor to be vested with title to the any property it proposes to foreclose upon **prior** to the sale.  Defendants argue that they have satisfied the requirements of 44-14-162 (b) by causing the alleged Assignment to be recorded.  Plaintiff specifically avers that a fraudulently created Assignment confers no rights at all, let alone the right to foreclose."

31.     Plaintiffs  amend their complaint as follows:

Strike ¶ 115 in its entirety and replace it with:

"Indeed, O.C.G.A. § 44-2-4**3** declares ***"Any person who:  (1) fraudulently obtains or attempts to obtain a decree of registration of title to any land or interest therein; (2) knowingly offers in evidence any forged or fraudulent document in the***

*course of any proceedings with regard to registered lands or any interest therein; (3) makes or utters any forged instrument of transfer or instrument of mortgage or any other paper, writing, or document used in connection with any of the proceedings required for the registration of lands or the notation of entries upon the register of titles; (4) steals or fraudulently conceals any owner's certificate, creditor's certificate, or other certificate of title provided for under this article; (5) fraudulently alters, changes, or mutilates any writing, instrument, document, record, registration, or register provided for under this article; (6) makes any false oath or affidavit with respect to any matter or thing provided for in this article; or (7) makes or knowingly uses any counterfeit of any certificate provided for by this article shall be guilty of a felony and shall be punished by imprisonment for not less than one nor more than ten years."*

32.     Plaintiffs amend their complaint as follows:

Amend "PLAINTIFF ELEANOR SPRATLIN CRAWFORD" by adding the following paragraph:

"Despite of their lack of standing, Defendants America's Servicing and Defendant Wells Fargo, through their agents and

attorneys, Defendants McCalla Raymer, unlawfully attempted to foreclose upon Plaintiff Crawford by scheduling a Sale Under Power on the Cobb County courthouse steps for July 7, 2010."

33.     Plaintiffs amend their complaint as follows:

Amend "PLAINTIFF ELEANOR SPRATLIN CRAWFORD" by adding the following paragraph:

"At some time within the 5 weeks prior to said illegally scheduled Sale Under Power, Defendant McCalla Raymer improperly caused a "Notice of Sale Under Power" to be published in the Marietta Daily Journal, which is the legal organ for Cobb County, in furtherance of their scheme to illegally and wrongfully foreclose upon Plaintiff Crawford's home."

34.     Plaintiffs amend their complaint as follows:

Amend the section entitled "PLAINTIFF ELEANOR SPRATLIN CRAWFORD" by re-numbering the entire section from 79 to 119.

35.     Plaintiffs amend their complaint as follows:

Amend the section entitled "CLASS ACTION ALLEGATIONS" by re-numbering the entire section from 120 to 138.

36.     Plaintiffs amend their complaint as follows:

Amend the section entitled "FIRST CAUSE OF ACTION - WRONGFUL

FORECLOSURE" by adding the following paragraph:

> "Specifically, Defendant CRYSTAL WILDER, at least twice and/or
>
> on multiple occasions, improperly and in violation of O.C.G.A. § 45-
>
> 17-5(c), caused her notarial seal to be stamped, and signed her
>
> signature upon an Assignment that she falsely and fraudulently attests
>
> to as an **official witness**, said document purporting to have been
>
> executed prior to her gaining a Notary Commission.  Ms. Wilder
>
> signed and stamped Plaintiff Crawford's' purported Assignment, and
>
> stamped and signed at least one other Assignment (See Exhibit "A",
>
> page 1, attached hereto.) which purports to have been properly
>
> executed and attested by Ms. Wilder on February 25, 2009; recorded
>
> upon the land records of Gwinnett County, Georgia in Deed Book
>
> 49548, Page 794 however Ms. Wilder never held a Notary
>
> commission in Georgia until May 15, 2009. (See Exhibit "A", page 2,
>
> attached hereto.)"

37.     Plaintiffs amend their complaint as follows:

Amend the section entitled "FIRST CAUSE OF ACTION - WRONGFUL

FORECLOSURE" by adding the following paragraph:

"Specifically, Defendant ELIZABETH LOFARO, at least once and/or on multiple occasions, improperly and in violation of O.C.G.A. § 45-17-5(c), caused her notarial seal to be stamped, and signed her signature upon an Assignment that she falsely and fraudulently attests to as an **official witness**, said document purporting to have been executed on a date prior to her gaining Notary Commission.  By way of example; Plaintiffs show this Honorable Court an Assignment (See Exhibit "B", page 1, attached hereto.) recorded upon the land records of Gwinnett County, Georgia, in Deed Book, 49562, Page 669 which purports to have been properly executed and attested by Ms. Lofaro on September 8, 2008; however Ms. Lofaro never held a Notary commission in Georgia until May 27, 2009. (See Exhibit "B", page 2, attached hereto.)"

38.       Plaintiffs amend their complaint as follows:

Amend the section entitled "FIRST CAUSE OF ACTION - WRONGFUL FORECLOSURE" by adding the following paragraph:

"Specifically, Defendant CHIQUITA RAGLIN, at least once and/or on multiple occasions,, improperly and in violation of O.C.G.A. § 45-17-5(c), caused her notarial seal to be stamped, and signed her signature upon an Assignment that she falsely and fraudulently attests

to as an **official witness**, said document purporting to have been executed on a date prior to her gaining a Notary Commission.  By way of example; Plaintiffs show this Honorable Court an Assignment (See Exhibit "C", page 1, attached hereto.) recorded upon the land records of Clayton County, Georgia, in Deed Book 9865, Page 197, which purports to have been properly executed and attested by Ms. Raglin on September 16, 2008; however Ms. Raglin never held a Notary commission in Georgia until July 1, 2009. (See Exhibit "C", page 2, attached hereto.)"

39.      Plaintiffs amend their complaint as follows:

Amend the section entitled "FIRST CAUSE OF ACTION - WRONGFUL FORECLOSURE" by adding the following paragraph:

"Specifically, Defendant VICTORIA MARIE ALLEN, at least once and/or on multiple occasions,, improperly and in violation of O.C.G.A. § 45-17-5(c), caused her notarial seal to be stamped, and signed her signature upon an Assignment that she falsely and fraudulently attests to as an **official witness**, said document purporting to have been executed on a date prior to her gaining a Notary Commission.   By way of example; Plaintiffs show this Honorable Court an Assignment (See Exhibit "D", page 1, attached hereto)

recorded upon the land records of Muscogee County, Georgia, in
Deed Book 9884, Page 236 which purports to have been properly
executed and attested by Ms. Allen on April 5, 2009; however Ms.
Allen never held a Notary commission in Georgia until October 16,
2009. (See Exhibit "D", page 2, attached hereto.)"

40.     Plaintiffs amend their complaint as follows:

Amend the section entitled "FIRST CAUSE OF ACTION - WRONGFUL
FORECLOSURE" by adding the following paragraph:

"Specifically, Defendant IRIS GISELLA BEY, at least once and/or on
multiple occasions,, improperly and in violation of O.C.G.A. § 45-17-
5(c), caused her notarial seal to be stamped, and signed her signature
upon an Assignment that she falsely and fraudulently attests to as an
**official witness**, said document purporting to have been executed on a
date prior to her gaining a Notary Commission.  By way of example;
Plaintiffs show this Honorable Court an Assignment (See Exhibit "E",
page 1, attached hereto) recorded upon the land records of Chatham
County, Georgia, in Deed Book 361B, Page 421 which purports to
have been properly executed and attested by Ms. Bey on June 3, 2006;
however Ms. Bey never held a Notary commission in Georgia until
Dec 17, 2008. (See Exhibit "E", page 2, attached hereto)"

41.     Plaintiffs amend their complaint as follows:

Amend the section entitled "FIRST CAUSE OF ACTION - WRONGFUL

FORECLOSURE" by adding the following paragraph:

>"Specifically, Defendant JAMELIA REYNOLDS, at least once and/or
>
>on multiple occasions,, improperly and in violation of O.C.G.A. § 45-
>
>17-5(c), caused her notarial seal to be stamped, and signed her
>
>signature upon an Assignment that she falsely and fraudulently attests
>
>to as an **official witness**, said document purporting to have been
>
>executed on a date prior to her gaining a Notary Commission.  By way
>
>of example; Plaintiffs show this Honorable Court an Assignment (See
>
>Exhibit "F", page 1, attached hereto) recorded upon the land records
>
>of DeKalb County, Georgia, in Deed Book 21355, Page 268 which
>
>purports to have been properly executed and attested by Ms, Reynolds
>
>on September 14, 2007; however Ms. Reynolds never held a Notary
>
>commission in Georgia until September 4, 2008. (See Exhibit "F",
>
>page 2, attached hereto)"

42.     Plaintiffs amend their complaint as follows:

Amend the section entitled "FIRST CAUSE OF ACTION - WRONGFUL

FORECLOSURE" by adding the following paragraph:

"Specifically, Defendant LATASHA DANIELS, at least once and/or on multiple occasions,, improperly and in violation of O.C.G.A. § 45-17-5(c), caused her notarial seal to be stamped, and signed her signature upon an Assignment that she falsely and fraudulently attests to as an **official witness**, said document purporting to have been executed on a date prior to her gaining a Notary Commission.  By way of example; Plaintiffs show this Honorable Court an Assignment (See Exhibit "G", page 1,  attached hereto) recorded upon the land records of Gwinnett County, Georgia in Deed Book 49007, Page 261 which purports to have been properly executed and attested by Ms. Daniels on March 28, 2009; however Ms. Daniels never held a Notary commission in Georgia until April 28, 2009. (See Exhibit "G", page 2, attached hereto)"

43.     Plaintiffs amend their complaint as follows:

Amend the section entitled "FIRST CAUSE OF ACTION - WRONGFUL FORECLOSURE" by adding the following paragraph:

"Specifically, Defendant DEBBIE R. FOUSHEE, at least once and/or on multiple occasions, improperly and in violation of O.C.G.A. § 45-17-5(c), caused her notarial seal to be stamped, and signed her signature upon an Assignment that she falsely and fraudulently attests

to as an **official witness**, said document purporting to have been

executed on a date prior to her gaining a Notary Commission.  By way

of example; Plaintiffs show this Honorable Court an Assignment (See

Exhibit "H", page 1, attached hereto) recorded upon the land records

of Cobb County, Georgia in Deed Book 14808, Page 485 which

purports to have been properly executed and attested by Ms. Foushee

on March 1, 2009; however Ms. Foushee never held a Notary

commission in Georgia until August 5, 2010. (See Exhibit "H", page

2, attached hereto)

44.     Plaintiffs amend their complaint as follows:

Amend the section entitled "FIRST CAUSE OF ACTION - WRONGFUL

FORECLOSURE" by adding the following paragraph:

"Specifically, RAQUEL ROSE, at least once and/or on multiple

occasions,, improperly and in violation of O.C.G.A. § 45-17-5(c),

caused her notarial seal to be stamped, and signed her signature upon

an Assignment that she falsely and fraudulently attests to as an

**official witness**, said document purporting to have been executed on a

date prior to her gaining a Notary Commission.  By way of example;

Plaintiffs show this Honorable Court an Assignment (See Exhibit "I",

page 1, attached hereto) recorded upon the land records of DeKalb

County, Georgia in Deed Book 21981, Page 87 which purports to
have been properly executed and attested by Ms. Rose on February
28, 2010; however Ms. Rose never held a Notary commission in
Georgia until April 13, 2010. (See Exhibit "I", page 2, attached
hereto)"

45.      Plaintiffs amend their complaint as follows:

Amend the section entitled "FIRST CAUSE OF ACTION - WRONGFUL
FORECLOSURE" by adding the following paragraph:

"Specifically, Defendant DONTE COLEMAN, at least once and/or on
multiple occasions,, improperly and in violation of O.C.G.A. § 45-17-
5(c), caused his notarial seal to be stamped, and signed his signature
upon an Assignment that he falsely and fraudulently attests to as an
**official witness**, said document purporting to have been executed on a
date prior to his gaining a Notary Commission.  By way of example;
Plaintiffs show this Honorable Court an Assignment (See Exhibit "J",
page 1, attached hereto) recorded upon the land records of Cobb
County, Georgia in Deed Book 14612, Page 4584 which purports to
have been properly executed and attested by Mr. Coleman on March
7, 2008; however Mr. Coleman never held a Notary commission in

Georgia until March 12, 2009. (See Exhibit "J", page 2, attached hereto)"

46.     Plaintiffs amend their complaint as follows:

Amend the section entitled "FIRST CAUSE OF ACTION - WRONGFUL FORECLOSURE" by adding the following paragraph:

"Specifically, KORINNA MILLER, at least once and/or on multiple occasions,, improperly and in violation of O.C.G.A. § 45-17-5(c), caused her notarial seal to be stamped, and signed her signature upon an Assignment that she falsely and fraudulently attests to as an **official witness**, said document purporting to have been executed on a date prior to her gaining a Notary Commission.  By way of example; Plaintiffs show this Honorable Court an Assignment (See Exhibit "K", page 1, attached hereto) recorded upon the land records of Forsyth County, Georgia, in Deed Book 5671, Page 126, which purports to have been properly executed and attested by Ms. Miller on August 11, 2009; however Ms. Miller never held a Notary commission in Georgia until February 11, 2010. (See Exhibit "K", page 2, attached hereto)"

47.     Plaintiffs amend their complaint as follows:

Amend the section entitled "FIRST CAUSE OF ACTION - WRONGFUL FORECLOSURE" by re-numbering the entire section from 139 to 169:

48.     Plaintiffs amend their complaint as follows:

Amend the section entitled "SECOND CAUSE OF ACTION - WIRE

FRAUD" by renaming it to "SECOND CAUSE OF ACTION - MAIL AND

WIRE FRAUD" and by adding the following paragraph:

> "Defendants used the mail to accomplish their scheme to defraud the
>
> public, the Courts and the non-judicial foreclosure system in Georgia
>
> by causing to be sent, filed, and recorded mortgage documents which
>
> they knew or should have known to be fraudulent in violation of 18
>
> U.S.C. § 1343.  Because of said actions of Defendants, Plaintiffs are
>
> entitled to damages."

49.     Plaintiffs amend their complaint as follows:

Amend the section entitled "SECOND CAUSE OF ACTION - MAIL AND

WIRE FRAUD" by re-numbering the entire section from 170 to 171.

50.     Plaintiffs amend their complaint as follows:

Amend the section entitled "THIRD CAUSE OF ACTION - RESPA

VIOLATIONS" by re-numbering the entire section from 173 to 175.

51.     Plaintiffs amend their complaint as follows:

Amend the section entitled "FOURTH CAUSE OF ACTION - VIOLATION

OF THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA")" by

re-numbering the entire section from 176 to 177.

52.     Plaintiffs amend their complaint as follows:

Amend the section entitled "FIFTH CAUSE OF ACTION- CIVIL CONSPIRACY AND FRAUD (MERSCORP AND MERS, INC.)" to correct paragraph 182 by striking it in its entirety and replacing it with:

"Any notice of foreclosure given by a McCalla Raymer in association with a property registered in MERS was improper and does not qualify as "notice" under the meaning of O.C.G.A. §44-14-162.2.  Under that code section, notice of initiation of foreclosure proceedings must be given by the secured creditor at least 30 days before the foreclosure sale date.  In violation of O.C.G.A. §44-14-162.2, McCalla Raymer acting as an agent for MERS and their members and/or shareholders knowingly sent false and fraudulent information with the intent to defraud and mislead the Plaintiff into thinking that a lawful foreclosure was being initiated against them by the party with legal authority to foreclose when in fact MERS and other culpable defendants did **not** comply with the pre-requisites of O.C.G.A. §44-14-162 *et seq* as MERS is not a secured creditor and cannot send the notice required under O.C.G.A. §44-14-162. *et seq*"

53.      Plaintiffs amend their complaint as follows:

Amend the section entitled "FIFTH CAUSE OF ACTION -CIVIL CONSPIRACY AND FRAUD (MERSCORP AND MERS, INC.)" by adding the following paragraph:

"MERS and other culpable defendants have routinely, knowingly, willfully and wantonly, and for a period over 18 months, improperly violated O.C.G.A. § 44-14-64 *et seq.*, which states in pertinent part *"(a)* ***All transfers*** *of deeds to secure debt shall be in writing; shall be signed by the grantee or, if the deed has been previously transferred, by the last transferee; and shall be witnessed as required for deeds."* and *"(d) A transfer of a deed to secure debt and the indebtedness therein secured in whole or in part in accordance with subsections (a) through (c) of this Code section* <u>*by a financial institution having deposits insured by an agency of the federal government or a transfer by a lender who regularly purchases or services residential real estate loans aggregating a minimum of $1 million secured by a first deed to secure debt encumbering real estate improved or to be improved by the construction thereon of one to four family dwelling units, where the transferor retains the right to service or supervise the servicing of the deed or interest therein, need not be recorded*</u> ***if:***

*(1) The original deed to secure debt has been recorded;*

*(2) An agreement in writing exists on or before the date of the transfer*

*between the transferor and the transferee and sets forth the terms of*

*the transfer and the interests of the parties thereto; and*

*(3) Possession of the deed, the instrument of indebtedness, and the*

*instrument of transfer is taken by such new transferee for himself or in*

*his representative capacity or by a representative of such transferee*

*which may include the transferor or any other transferee, provided*

*that the agreement in paragraph (2) of this subsection provides for*

*such party to take possession.".* Since MERS is not now and has

never been (a) *"a financial institution having deposits insured by an*

*agency of the federal government",* or (b) *"a lender who regularly*

*purchases or services residential real estate loans aggregating a*

*minimum of $1 million secured by a first deed to secure debt*

*encumbering real estate improved or to be improved by the*

*construction thereon of one to four family dwelling units"*

And, by virtue or not, ever, being a servicer, never "*retains the right*

*to service or supervise the servicing of the deed or interest therein*"

any Georgia mortgage that is registered in the MERS system and has

been sold at least once on the secondary market, is not in compliance

with  the statutory requirements of O.C.G.A. § 44-14-64(a) as MERS

routinely, deliberately and illegally, ever since MERS' inception in 1996, and its subsequent entry into business in the State of Georgia, has not complied with O.C.G.A. § 44-14-64(a) and cannot claim an exemption under O.C.G.A. § 44-14-64(d). "

54.     Plaintiffs amend their complaint as follows:

Amend the section entitled "FIFTH CAUSE OF ACTION -CIVIL CONSPIRACY AND FRAUD (MERSCORP AND MERS, INC.)" by adding the following paragraph:

"Any mortgage recorded as a MERS mortgage is in violation of hundreds of years of the common law requirements that any Georgia mortgage must have a proper chain of title recorded upon the Land Records in the county where the property is located, (see O.C.G.A. § 44-21-2), regardless of if the mortgage is a MERS mortgage, O.C.G.A. § 44-21-2 must still apply since MERS cannot claim an exemption from the recording requirement of O.C.G.A. § 44-21-2 under O.C.G.A. § 44-14-64(d)."

55.     Plaintiffs amend their complaint as follows:

Amend the section entitled "FIFTH CAUSE OF ACTION - CIVIL CONSPRIACY AND FRAUD (MERSCORP and MERS, Inc.)" by re-numbering the entire section from 178 to 211.

56.     Plaintiffs amend their complaint as follows:

Amend the section entitled "SIXTH CAUSE OF ACTION - ILLEGAL FEE

SPLITTING AND UNAUTHORIZED PRACTICE OF LAW" by re-

numbering the entire section from 209 to 223.

57.     Plaintiffs amend their complaint as follows:

Amend the section entitled "SEVENTH CAUSE OF ACTION - (GREAT

HILL PARTNERS, INC. AND PROMMIS SOLUTIONS, INC.)" by re-

numbering the entire section from 224 to 233.

58.     Plaintiffs amend their complaint as follows:

Amend the section entitled "EIGHT CAUSE OF ACTION - RICO

VIOLATIONS" by re-numbering the entire section from 234 to 247.

59.     Plaintiffs amend their complaint as follows:

Amend the section entitled "NINTH CAUSE OF ACTION - DAMAGES"

by re-numbering the entire section from 248 to 260.

60.     Plaintiffs amend their complaint as follows:

Amend paragraph 246 by striking it in its entirety and replacing it with:

        "Defendants are banking institutions, mortgage servicers, licensed

        attorneys and public officers who are held to the highest standards of

        honesty, integrity and ethical conduct.  Defendants have flagrantly,

        willfully, knowingly and with wanton abandon violated their various

oaths of office, shirked their ethical duties and neglected their
professional duties in the furtherance of their illegal schemes."

61.     Plaintiffs amend their complaint as follows:

Amend the section entitled "COUNT TEN- PUNITIVE DAMAGES"
by renaming it to "TENTH CAUSE OF ACTION – PUNITIVE
DAMAGES" by re-numbering the entire section from 261 to 264.

62.     Plaintiffs amend their complaint as follows:

Amend the section entitled "JURY TRIAL" by re-numbering the entire
section 265.

## A. <u>Argument</u>

1. This First Amended Complaint is properly filed as Plaintiffs are
   allowed to make an amendment as a "matter of course" under FRCP
   15 (a).  Furthermore, unless the opposing party can show prejudice,
   bad faith, or undue delay, a court should grant leave to file an
   amended pleading.  *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 27,
   230 (1962)

2. Leave to amend should be freely given when there is good cause. See
   Fed. Civ. P. 16(b)(1)(last paragraph).  Defendant Foushee, Defendant
   Rose, Defendant Coleman and Defendant Miller should be added as
   they are necessary and indispensable parties to the instant case.

3. Defendants Doe 1-100 should be added as they may be discovered to be necessary and indispensible parties to the instant case.

4. Defendants will not be prejudiced by Plaintiff's amended pleading because they have not answered, their answers are not yet due, there has been no pre-trial order or scheduling order and the case is in its infancy.

## B. Conclusion & Prayer

Plaintiff avers that each defendant added is a necessary and indispensible party to these proceeding by virtue of their fraudulent actions. For these reasons, Plaintiff asks the court to allow filing of the amended pleading and that all of Plaintiffs' Prayers for Relief and Damages in their Original Complaint and a Jury Trial be Granted.

This 16th day of January, 2011.

/s/Louise T. Hornsby
Louise T. Hornsby
Georgia Bar No. 367800
Attorney for Plaintiffs

2016 Sandtown Road, SW
Atlanta, GA 30311
(404) 752-5082

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the *Plaintiffs' Response To Defendant's Motion To Dismiss* with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney of record:

John H. Williamson, Esq.
John P. MacNaughton, Esq.
Counsel for Great Hill Partners, Inc., Prommis Solutions, LLC, Prommis Solutions Holding, Inc. Crystal Wilder, Elizabeth Lofaro, Chiquita Raglin, Iris Gisella Bey and Latasha Daniels.

Linda S. Finley, Esq.
Ed Novotny, Esq.
Counsel for Wells Fargo Bank, N.A.

Allen C. Myers, Esq.
Counsel for Bank of American, NA, BAC Home Loan Servicing

T. Ryan Mock, Jr., Esq.
William M. Davis, Esq.
Counsel for McCalla Raymer, LLC, Thomas A. Sears and Charles Troy Crouse

Reese Willis, Esq.
Lisa K. Rose, Esq.
J. Thomas Howell, Esq.
Steven Flynt, Esq.
Counsel for McCalla Raymer, LLC, Thomas A. Sears and Charles Troy Crouse

And the same by placing a copy in the U.S. Mail with the proper postage affixed to the following:

Mortgage Electronic Registration Systems, Inc.
c/o Legal Department
1818 Library St., Suite 300
Reston, VA 20190

MERSCORP, Inc.
c/o Legal Department
1595 Spring Hill Road
Suite 310
Vienna, VA 22182

Steven R. Press, Esq.
Baker, Donelson, Bearman, Caldwell &Berkowitz
Monarch Plaza, Suite 1600
3414 Peachtree Road, NE
Atlanta, GA 30326
Counsel for Wells Fargo

This 16th day of January, 2011.

s/Louise T. Hornsby
Louise T. Hornsby, Esq.
Counsel for Plaintiffs
Georgia Bar No. 367800

HORNSBY & ASSOCIATES
2016 Sandtown Road
Atlanta, Georgia 30311
 (404) 752-5082
(404) 758-5337 fax

## <u>CERTIFICATE OF COMPLIANCE</u>

This is to certify that this document was prepared in Times Roman, 14 point

font that complies with this Court's Rules.

s/Louise T. Hornsby      
Louise T. Hornsby, Esq.
Counsel for Plaintiffs
Georgia Bar No. 367800

HORNSBY & ASSOCIATES
2016 Sandtown Road
Atlanta, Georgia 30311
(404) 752-5082
(404) 758-5337 fax