[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-14483

_____

D. C. Docket No. 10-cv-03732-CAP

WENDY JENKINS and ELEANOR CRAWFORD,

                                                   Plaintiffs-Appellants,

versus

McCALLA RAYMER, LLC, *et al.*

                                                   Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(October 25, 2012)

Before JORDAN, FAY, and EDENFIELD,[*] Circuit Judges.

PER CURIAM:

_____

[*] Honorable Judge B. Avant Edenfield United States District Judge for the Southern District of Georgia, sitting by designation.

Wendy Jenkins and Eleanor Spratlin Crawford appeal from the district court's order dismissing their second amended complaint for failure to state a claim. After reviewing the record, reading the parties' briefs, and having the benefit of oral argument, we affirm.

I

The appellants are Georgia homeowners who brought this putative class action against multiple defendants after foreclosure proceedings were initiated against their respective properties. The appellants sought damages and asserted the following claims against various defendants: (1) notary fraud; (2) wrongful foreclosure; (3) aiding and abetting; (4) mail and wire fraud; (5) negligence; (6) conversion; (7) violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq.*; (8) violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*; (9) illegal fee splitting and unauthorized practice of law; and (10) violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962.

Several defendants moved to dismiss the claims asserted against them pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.[1] The motions

---

[1] Specifically, the district court considered motions to dismiss from the following defendants: McCalla Raymer LLC, Charles Course, Esq., and Thomas Sears, Esq.; Wells Fargo Bank, N.A. and America's Servicing Company; Iris Gisella Bey, Chiquita Raglin, Crystal Wilder, Elizabeth Lofaro, Latasha Daniel, Debbie Foushee, and Korinna Miller; Prommis Solutions, LLC; Prommis Solutions Holding, Inc; Great Hill Partners, Inc.; BAC Home Loans Servicing, LP and Bank of America; and MERSCORP and Mortgage Electronic Registration Systems, Inc.

to dismiss were referred to a magistrate judge who recommended that they be granted. The appellants filed objections to the magistrate judge's report and recommendations. The district court overruled the objections, adopted the report and recommendations, and dismissed the appellants' claims.

The appellants assert two issues on appeal. The first issue, which was not raised below, is whether the magistrate judge erred in failing to *sua sponte* recuse himself from the case pursuant to 28 U.S.C. § 455(a) & (b)(1). The second issue raised on appeal is whether the district court erred in dismissing the appellants' wrongful foreclosure claim.[2]

## II

"Ordinarily, we review a judge's decision not to recuse him or herself for an abuse of discretion. However, because [the appellants] failed to seek recusal of the [magistrate judge] in the proceedings below, we review [the] recusal request for plain error." *United States v. Berger*, 375 F.3d 1223, 1227 (11th Cir. 2004) (internal citations omitted).

In relevant part, § 455(a) requires "[a]ny justice, judge, or magistrate judge ... [to] disqualify himself in any proceeding in which his impartiality might reasonably

---

[2] To the extent that the appellants challenge the dismissal of their other claims, we affirm based on the district court's order.

be questioned." Under this provision, the test is whether an "objective, disinterested, lay observer ... would entertain a significant doubt about the judge's impartiality." *McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990) (quotations omitted). In comparison, § 455(b) requires disqualification under specific circumstances, including when a judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." § 455(b)(1). Unlike subsection (a), which requires recusal when there is an appearance of impartiality, subsection (b)(1) mandates recusal only where the judge has an *actual* bias or prejudice against a litigant. *See United States v. Amedeo*, 487 F.3d 823, 828 (11th Cir. 2007).

The appellants contend that the magistrate judge was required to *sua sponte* disqualify himself from the case pursuant to both §§ 455(a) and (b)(1) because of his participation in two seminars on residential mortgage regulation. Specifically, the appellants state that on two occasions—one prior to the filing of the complaint and the other after the reports and recommendations were issued—the magistrate judge spoke at the American Conference Institute's forum on "Residential Mortgage Litigation and Regulatory Enforcement" during segments entitled "View from the Bench." The purpose of the seminars, according to the appellants, was to prepare residential mortgage lenders and servicers to defend against new types of claims and

4

to learn about recent regulatory and legislative developments in the area of mortgage foreclosure law. Without providing any information regarding the substance of the magistrate judge's comments or statements at the seminars, the appellants argue that recusal was required because the magistrate judge was presumably "giving his judicial perspective on claims like the instant case," and therefore, "the dismissals were fully a part of the Courts['] bias." Appellants' Brief at 18–19.

Generally, the mere fact that a judge has spoken or written on a particular issue or area of law does not require him to automatically recuse himself when that issue arises in a case over which he is presiding. *See, e.g., In re Sherwin-Williams Co.*, 607 F.3d 474, 478–79 (7th Cir. 2010) (judge not automatically required to recuse himself because he wrote a law review article on a subject at issue in the litigation); *United States v. Pitera*, 5 F.3d 624, 626–27 (2d Cir. 1993) (holding that judge who gave a lecture to government agents and prosecutors, including advice on how to increase the prospects of a conviction in narcotics cases, was not required to recuse herself from narcotics prosecution). Where, however, a judge makes specific remarks that indicate that he harbors a bias towards or against a litigant (or group of litigants) or a particular legal claim or theory, recusal is required under § 455. *See, e.g., Hathcock v. Navistar Int'l Transp. Corp.*, 53 F.3d 36, 41 (4th Cir. 1995) (recusal necessary where, among other things, "the judge's blunt remarks at the auto torts

5

seminar—while a jury trial on the issue of damages in this [auto products liability] case was pending—reflect a predisposition against ... product liability defendants.").

The essence of the appellants' argument is that the magistrate judge's participation in two seminars geared towards mortgage lenders and servicers indicates that the magistrate judge is in fact partial towards the defendants in this case, or at a minimum brings his impartiality into question. As noted, the appellants do not provide any information regarding the substance of the magistrate judge's comments or even the topics discussed during the portions of the seminars the magistrate judge participated in. Nor do the appellants allege that any of the defendants attended or in any way sponsored the seminar. Based on the appellants' limited allegations, we cannot conclude that an objective observer would entertain a significant doubt about the magistrate judge's impartiality and we are certainly unable to find that the magistrate judge harbors an actual bias or prejudice towards any litigant in this case.

Accordingly, we hold that recusal was not required under either §§ 455(a) or (b)(1). There was no error, much less plain error.

### III

We review an order granting a motion to a dismiss for failure to state a claim *de novo*. *See Rosenberg v. Gould*, 554 F.3d 962, 965 (11th Cir. 2009). "On a motion to dismiss for failure to state a claim, we accept as true the facts as alleged in the

complaint." *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1012 (11th Cir. 2005). In order to survive a motion to dismiss, "[t]he 'allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" *Lanfear v. Home Depot, Inc.*, 679 F.3d 1267, 1275 (11th Cir. 2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The appellants' wrongful foreclosure claim was based on the contention that certain non-judicial foreclosure proceedings were improperly commenced on the appellants' respective properties. Specifically, the appellants claimed that certain defendants did not have the power to initiate the foreclosure proceedings because the security deeds were not properly assigned to the foreclosing parties.

The magistrate judge recommended dismissing the wrongful foreclosure claims on the ground that the appellants failed to allege that their properties had been sold at foreclosure and under Georgia law a claim for wrongful foreclosure may only be maintained where a property has already been foreclosed on. Over the appellants' objections, the district court adopted the magistrate judge's report and recommendations and dismissed the wrongful foreclosure claim.

Georgia is a non-judicial foreclosure state, allowing a mortgagee or its assignee to foreclose on a property without first initiating an action in court. *See* O.C.G.A. §

44-14-160, *et seq.* Although there does not appear to be any Georgia case law directly on point, other non-judicial foreclosure states hold that a homeowner cannot seek damages in a wrongful foreclosure action unless there has been an actual foreclosure sale. *See*, *e.g.*, *Ayers v. Aurora Loan Servs. LLC*, 787 F. Supp. 2d 451, 454 (E.D. Tex. 2011) (applying Texas law); *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 961 (N.D. Cal. 2010) (applying California law); *Krienke v. Chase Home Fin., LLC*, 140 Wash. App. 1032, 2007 WL 2713737 at *4–5 (Wash. Ct. App. 2007) (applying Washington law); *Hardy v. Jim Walter Homes, Inc.*, No. 06-0687, 2007 WL 174391 at *6 (S.D. Ala. 2007) (applying Alabama law); *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983) (applying Nevada law). The appellants fail to cite any authority indicating that the Georgia courts would rule any differently.[3] In the absence of such authority, we conclude that Georgia law requires a plaintiff seeking damages for wrongful foreclosure to establish that the property at issue was actually sold at foreclosure. Because the appellants failed to allege their properties

---

[3] The appellants cite *Sears Mortg. Corp. v. Leeds Bldg. Prods., Inc.*, 464 S.E.2d 907, 909 (Ga. App. 1995), for the proposition that "it is not necessary that the foreclosure be completed to bring an action for wrongful foreclosure." However, the portion of the case cited by the appellants was subsequently vacated after a partial reversal of the opinion by the Georgia Supreme Court. *See Sears Mortg. Corp. v. Leeds Bldg. Prods., Inc.*, 488 S.E.2d 131, 131 (Ga. App. 1997) ("Accordingly, our decision is vacated with respect to Divisions 1 and 2, the judgment of the Supreme Court is made the judgment of this Court with respect to Divisions 1 and 2, and the trial court's judgment is affirmed."). As a result, we find this aspect of the cited case has no precedential value and does not represent the current state of Georgia law.

8

were foreclosed upon, they did not state a claim for wrongful foreclosure.

To be sure, there is case law to suggest that under Georgia law a plaintiff may maintain a cause of action for wrongful foreclosure where the plaintiff is primarily seeking an injunction to prevent the actual foreclosure sale from being completed (as opposed to only seeking damages). *See Morgan v. Ocwen Loan Servicing, LLC*, 795 F. Supp. 2d 1370, 1377 (N.D. Ga. 2011) (citing cases). Here, although the appellants' various complaints indicated that they were seeking injunctive relief, they made no allegations that the defendants were still attempting to foreclose on the properties, that a foreclosure sale was scheduled, or even what they sought to enjoin. Therefore, this line of authority does not help the appellants.

Finally, to the extent that the appellants attempted to assert a cause of action for attempted wrongful foreclosure, they also failed to state a cognizable claim under Georgia law. In order to assert a claim for attempted wrongful foreclosure, a plaintiff must allege "a knowing and intentional publication of untrue and derogatory information concerning the debtor's financial condition, and that damages were sustained as a direct result of this publication." *Aetna Fin. Co. v. Culpepper*, 320 S.E.2d 228, 232 (Ga. App. 1984). Because the appellants failed to allege that any of the defendants knowingly published any false or derogatory information, any claim for attempted wrongful foreclosure was also properly dismissed.

IV

For the foregoing reasons, we affirm.

**AFFIRMED.**

**UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

John Ley
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

October 25, 2012

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 11-14483-DD
Case Style: Wendy Jenkins, et al v. McCalla Raymer, LLC, et al
District Court Docket No: 1:10-cv-03732-CAP

Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the CRIMINAL JUSTICE ACT must file a CJA voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for a writ of certiorari (whichever is later).

Pursuant to Fed.R.App.P. 39, costs taxed against appellants.

The Bill of Costs form is available on the internet at www.ca11.uscourts.gov

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Tonya L. Richardson, DD at (404) 335-6176.

Sincerely,

JOHN LEY, Clerk of Court

Reply to: Jeff R. Patch
Phone #: 404-335-6161

OPIN-1A Issuance of Opinion With Costs